UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| QUANDELL HICKMAN,<br><br>                        Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK; N.Y.P.D. CONEY ISLAND, BROOKLYN; JOHN DOE N.Y.P.D.; JANE DOE N.Y.P.D.; JOHN DOE A.D.A. BROOKLYN CRIMINAL COURT,<br><br>                        Defendants. | 25-CV-8862 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Sing Sing Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that he was falsely arrested in Coney Island in Brooklyn, New York, and thereafter, in a Brooklyn police station, illegally searched and physically and sexually assaulted. He claims that the criminal charges were subsequently dismissed. Named as Defendants are the City of New York; the New York City Police Department; two Doe police officers; and an Assistant District Attorney in Brooklyn. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

### DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Because Plaintiff does not specify where all of the defendants reside, it is unclear whether this court is a proper venue for this action under Section 1391(b)(1). Even if the Court were to assume that all of the defendants reside within the State of New York and that at least one of them resides within this judicial district, making venue for this action proper in this court under Section 1391(b)(1), because Plaintiff alleges that the events giving rise to his claims occurred in Brooklyn, Kings County, and as Kings County lies within the Eastern District of New York, *see* 28 U.S.C. § 112(c), the United States District Court for the Eastern District of New York is clearly also a proper venue for this action under Section 1391(b)(2).[1]

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. 28 U.S.C. § 112(c).

means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Brooklyn, and it is reasonable to expect that the relevant documents and witnesses also would be in Brooklyn. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[2] A summons shall not issue from this court. This order closes this case in this court.

---

[2] Plaintiff did not submit an application for leave to proceed *in forma pauperis* or a prisoner authorization with the complaint.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 28, 2025
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge